**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GABRIEL A. FIGUEROA, | No. 17-16078 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-04220-DJH-JZB |
| v. | |
| CHARLES L. RYAN, Warden; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Submitted November 15, 2017[**]

Before:    CANBY, TROTT, and GRABER, Circuit Judges.

Arizona state prisoner Gabriel A. Figueroa appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional violations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Cir. 2012). We affirm in part, reverse in part, and remand.

The district court properly dismissed Figueroa's due process claim and medical deliberate indifference claim against all defendants except defendants Grafton, Johnson, and Ryan because Figueroa failed to allege facts sufficient to state any plausible claim for relief. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be liberally construed, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *see also Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (setting forth requirements for a deliberate indifference claim and stating that negligence is insufficient to establish a constitutional violation); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (setting forth the elements of a § 1983 claim against a private entity performing a government function).

However, dismissal of Figueroa's medical deliberate indifference claim against defendants Grafton, Johnson, and Ryan was premature because Figueroa alleged that he told Grafton, Johnson, and Ryan that he was suffering complications and side effects from his medications, and that Grafton, Johnson, and Ryan refused to help. These allegations, liberally construed, are "sufficient to warrant ordering [these defendants] to file an answer." *Wilhelm*, 680 F.3d at 1116.

We reverse the dismissal of Figueroa's medical deliberate indifference claim against defendants Grafton, Johnson, and Ryan, and remand for further proceedings as to these defendants only.

**AFFIRMED in part, REVERSED in part, and REMANDED.**